**THE ATTORNEY GENERAL**
**OF TEXAS**
**AUSTIN 11, TEXAS**
PRICE DANIEL


March 13, 1948

Hon. John Atchison
County Attorney
Cooke County
Gainesville, Texas

Opinion No. V-519

Re: Authority of the Com-
missioners' Court of a
county of more than
20,000 population to
fix the salary of a
constable at any time
subsequent to its
first regular meeting
in January.

Dear Sir:

Your request for an opinion from this office
on the above subject matter is, in part, as follows:

"Your opinion is requested as to wheth-
er the Commissioners Court of a county of
more than 20,000 population has the authority
at any time subsequent to its first regular
meeting in January of any calendar year to
enter an order placing a certain precinct
constable's office on a salary for that year,
and fixing the salary."

We quote the following pertinent statutory pro-
visions:

Art. 3912e, V. C. S.:

"Section 2. The Commissioners Court
of each county in the State of Texas, at
its first regular meeting in January of
each calendar year, shall, by order made
and entered in the minutes of said court,
determine whether precinct officers of
such county (except public weighers and
registrars of vital statistics) shall be
compensated on a salary basis as provided
for in this Act, or whether they shall re-
ceive as their compensation, such fees of

office as may be earned by them in the per-
formance of the duties of their offices,
and it shall be the duty of the county
clerk of each county to forward to the
Comptroller of Public Accounts of the
State of Texas on or before the 31st day
of January a certified copy of such order.
In counties having a population of less
than twenty thousand (20,000) inhabitants
according to the last preceding Federal
Census, it shall likewise be the duty of
the Commissioners' Court, by its order
duly made and entered of record at its
first regular meeting in January of each
calendar year, to determine whether coun-
ty officers of such county (excluding coun-
ty surveyors, registrars of vital statis-
tics and notaries public) shall be compen-
sated for the fiscal year on the basis of
an annual salary or whether they shall be
compensated on the basis of fees earned
by them in the performance of their of-
ficial duties, and it shall also be the
duty of the county clerk to forward to
the Comptroller of Public Accounts of
the State of Texas, on or before the 31st
day of January, a certified copy of said
order of said Commissioners' Court.

"Sec. 17 (a) The term 'Precinct
Officers' as used in this Act means jus-
tices of the peace and constables . . ."

Article 3898, V. C. S.:

"The fiscal year, within the meaning
of this Act, shall begin on January 1st
of each year; and each district, county
and precinct officer shall file his re-
port and make the final settlement re-
quired in this Act not later than Febru-
ary 1st of each year; provided, however,
that officers receiving an annual salary
as compensation for their services shall,
by the close of each month, pay into the
Officers' Salary Fund or funds, all fees,
commissions and compensation collected by
him during said month. Whenever such of-
ficer serves for a fractional part of the

fiscal year, he shall nevertheless file his
report and make final settlement for such
part of the year as he serves and shall be
entitled to such proportionate part of his
compensation as the time for his service
bears to the entire year."

It was held in Attorney General's Opinion No.
0-5061 that "Section 2 of Article 3912e, V. A. C. S., re-
quires the Commissioners Court of every county in Texas
at its first regular meeting in January of each year to
determine whether certain precinct officers shall be
placed on a salary or fee basis."

It was held in Attorney General's Opinion No.
0-6462 that the Commissioners' Court of a county under
20,000 population could place its county officials on a
salary basis at its first regular meeting in January
and not subsequent thereto. We quote the following from
that opinion:

"Under the provisions of Article 3898,
the fiscal year of a county begins on Janu-
ary 1st of each year. We think that it was
contemplated by the provisions of Section 2,
Article 3912e, that during the month of Jan-
uary, the commissioners' court should have
determined whether the designated county of-
ficers would be compensated on a fee or sal-
ary basis, whereby said officers could ac-
count for and dispose of the fees of office
accordingly, in the manner provided in Arti-
cle 3898. When the commissioners' court has
determined that county officers shall be
paid on an annual salary basis, we think
that it was contemplated that such annual
salary should be paid for the fiscal year,
beginning January 1st, in twelve equal in-
stallments. We do not think it was within
the contemplation of this Act that county
officers should be compensated on a fee ba-
sis for a part of a year, and, for the re-
maining portion of said year, be compensat-
ed on a salary basis. If it were determin-
ed that county officers should be paid on
the basis of an annual salary, in any month
later than January of any fiscal year, it
would be impossible to comply with these
provisions as to fixing salaries on an

annual basis and paying same in twelve
equal installments for that fiscal year."
(Emphasis ours)

In view of the foregoing and after carefully
considering all the pertinent statutory provisions, it
is our opinion that the holding in Attorney General's
Opinion No. 0-6462 is equally applicable to precinct of-
ficers and we find no authority for the Commissioners'
Court to determine whether precinct officers shall be
paid on a fee or salary basis at any time other than at
its first regular meeting in January of each year.

You are, therefore, advised that the salary
of a constable of a county of more than 20,000 popula-
tion cannot be fixed in any one year at any time later
than at the first regular meeting in January of the Com-
missioners' Court.

### SUMMARY

The Commissioners' Court in a coun-
ty of more than 20,000 population does not
have the authority to place precinct offi-
cers on an annual salary basis at any time
later than at its first regular meeting in
January of each year.  Article 3912e, Sec. 2.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By  John Reeves
John Reeves
Assistant

JR:mw

APPROVED:

FIRST ASSISTANT
ATTORNEY GENERAL